UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: |
| JAMES A. ROSE, III | 08-00625-8-JRL |
| DEBTOR | CHAPTER 7 |

| | |
|---|---|
| Algernon L. Butler, III, Trustee in Bankruptcy for James A. Rose, III, | |
| Plaintiff, | ADVERSARY PROCEEDING NO.: |
| vs. | |
| Deutsche Bank Trust Company Americas as Trustee, Residential Funding Company, LLC, and William Walt Pettit, | |
| Defendants. | |

COMPLAINT TO DETERMINE INTEREST IN PROPERTY
(11 U.S.C. § 544)

NOW COMES Plaintiff, complaining of Defendant(s), and alleges and says as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  The Debtor James A. Rose, III ("Debtor") filed a petition under Chapter 11 commencing this case on January 31, 2008 ("Petition Date"). This case was converted to Chapter 7 by order of the Court entered on April 21, 2008 ("Conversion Date").

2.  Algernon L. Butler, III ("Trustee" or "Plaintiff") was duly appointed and is serving as Chapter 7 Trustee in this case.

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334 and the Standing Order of Reference of the United States District Court for the Eastern District of North Carolina.

4.  This is a core proceeding under 28 U.S.C. §157(b)(2).

5.     Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL ALLEGATIONS

6.     Upon information and belief the Defendant Deutsche Bank Trust Company Americas as Trustee ("Deutsche Bank") is a business entity with a principal place of business in the state of California and/or New York and which does business within the state of North Carolina.

7.     Upon information and belief the Defendant Residential Funding Company, LLC ("Residential Funding") is a business entity with a principal place of business in the state of Minnesota and which does business within the state of North Carolina.

8.     Upon information and belief the Defendant William Walt Pettit ("Pettit") is an citizen and resident of Mecklenburg County, North Carolina.

9.     Pettit is named as a defendant in his capacity as trustee under the Deed of Trust identified herein.

10.    On the Petition Date the Debtor owned certain real estate located in the town of Carolina Beach, New Hanover County, North Carolina and particularly described as Lot Nos. 20 and 21, Block 96, Carolina Beach (the "Real Property").

11.    The Debtor acquired the Real Property by means of a warranty deed recorded in the office of the Register of Deeds for New Hanover County North Carolina on April 8, 2005 in Book 4750, Page 719, a copy of which is attached hereto as **Exhibit 1** (the "Deed").

12.    A copy of an excerpt from the official public index records of the Register of Deeds for New Hanover County North Carolina is attached hereto as **Exhibit 2**, which shows the index entry for the Deed and which identifies the real estate subject to the Deed as "CAROLINA BEACH LTS 20 & 21 BL 96."

13.    Upon information and belief, on July 31, 2006 the Debtor executed a deed of trust purporting to convey for security to Homecomings Financial Network, Inc. as lender, Pettit as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, an interest in certain real estate located in the town of Carolina Beach, New Hanover County, North Carolina, which deed of trust was recorded with the Register of Deeds of New Hanover County, North Carolina on August 4, 2006, at Book 5061, Page 2562 (the "Deed of Trust"). A copy of the Deed of Trust is attached hereto as **Exhibit 3**.

14.    Upon information and belief, the holder of the Deed of Trust is Deutsche Bank.

15.    Upon information and belief, the servicer of the Deed of Trust is Residential Funding.

16. The Deed of Trust identifies the real estate which it purported to convey for security on an "Exhibit A" attached to the Deed of Trust, which exhibit is entitled "Legal Description" and which identifies the real estate which it purports to convey for security as Lot Nos. 20 and 21 on the Map/Plan of Block 98, Carolina Beach.

17. A copy of an excerpt from the official public index records of the Register of Deeds for New Hanover County North Carolina is attached hereto as **Exhibit 4**, which shows the index entry for the Deed of Trust and which identifies the real estate subject to the Deed of Trust as "CAROLINA BEACH LTS 20 & 21 BL 98."

18. The Deed of Trust does not properly describe or identify the Real Property as being the real estate which it purports to convey for security.

19. The official public index of the Register of Deeds for New Hanover County North Carolina identifies the real estate subject to the Deed of Trust as real estate other than the Real Property.

20. The Deed of Trust does not convey for security or grant a security interest in the Real Property.

## **FIRST CLAIM FOR RELIEF**
(Determination of Interest in Property, 11 U.S.C. § 544)

21. The foregoing paragraphs are realleged as if fully set forth herein.

22. The Trustee has the rights and powers of a hypothetical bona fide purchaser of the Real Property from the Debtor as of the commencement of the case pursuant to 11 U.S.C. § 544(a).

23. The Real Property constitutes property of the estate pursuant to 11 U.S.C. § 541.

24. By virtue of the status of the Real Property as property of the estate pursuant to 11 U.S.C. § 541, the Trustee's rights and powers pursuant to 11 U.S.C. § 544(a), and the fact that the Deed of Trust does not does not convey any interest, or grant a security interest, in the Real Property, the Trustee is the owner of the Real Property unencumbered by the Deed of Trust and/or any interest of the Defendants.

25. The Trustee is entitled to an order confirming his ownership of the Real Property free and clear of the Deed of Trust and/or any interest of the Defendants.

WHEREFORE, the Plaintiff requests that judgment be issued on behalf of the bankruptcy estate against Defendant(s):

1. For an order providing that the Deed of Trust was ineffective to transfer to the Defendants any interest in the Real Property and providing that the Trustee is the current owner of the Real Property free of the Deed of Trust and/or any interest of the Defendants;

2. For the costs of this action; and

3. For such other and further relief as the Court deems just and proper.

DATED:  BUTLER & BUTLER, L.L.P.

June 5, 2008

_____
Algernon L. Butler, III
Attorneys for the Trustee
NC State Bar No.: 20881
P.O. Box 38
Wilmington, North Carolina 28402
Telephone (910) 762-1908
Facsimile (910) 762-9441

VERIFICATION

Algernon L. Butler, III, first being duly sworn, deposes and says as follows:

That he is the Plaintiff in the foregoing action; that he has read the foregoing Complaint to Determine Interest in Property and knows the contents thereof; that the same is true of his own knowledge, except as to those matters therein alleged upon information and belief, and as to those matters, he believes them to be true.

*[signature]*

Algernon L. Butler, III
Chapter 7 Trustee for James A. Rose, III
NC State Bar No. 20881
P.O. Box 38
Wilmington, North Carolina 28402
Telephone (910) 762-1908
Facsimile  (910) 762-9441

Sworn to and subscribed before me
this 9TH day of JUNE, 2008.

*[signature]*
Notary Public

My Commission expires: 11-27-10

*[Notary seal: MICHELLE DeNITTIS, NOTARY PUBLIC, NEW HANOVER CO., NC]*

5