**SO ORDERED.**

**SIGNED this 20 day of July, 2009.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

**IN RE:**

| | |
|---|---|
| **JAMES A. ROSE, III** | **Case Number: 08-00625-8-JRL** |
| | **Chapter 7** |
| **Debtor.** | |

| | | |
|---|---|---|
| **Algernon L. Butler, III, Trustee** | ) | |
| **in Bankruptcy for James A. Rose,** | ) | |
| **III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Adversary Proceeding Number:** |
| | ) | **L-08-00080-8-JRL** |
| **Deutsche Bank Trust Company** | ) | |
| **Americas as Trustee,** | ) | |
| **Residential Funding Compnay, LLC,** | ) | |
| **and William Walt Pettit,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

### ORDER

This matter came before the court on the parties' respective motions for summary

judgment.  A hearing on this matter was conducted on May 19, 2009 in Wilmington, North

Carolina.

## JURISDICTION AND PROCEDURE

This court has jurisdiction over the parties and the subject matter of this proceeding

pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the

United States District Court for the Eastern District of North Carolina on August 3, 1984.  This

is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and

determine.

## UNDISPUTED FACTS

1.      The debtor, James A. Rose, III, filed for relief under Chapter 11 of the Bankruptcy Code

on January 31, 2008.  The case was subsequently converted to a Chapter 7 case on April

21, 2008.  Upon conversion, Algernon L. Butler, III, was appointed trustee.

2.      At the time of petition, the debtor was the record owner of numerous parcels of real estate

in North Carolina.  This case involves Lot Number(s) 20 and 21, Block 96, in Carolina

Beach.

3.      On July 31, 2006, the debtor executed a deed of trust in favor of Homecomings Financial

Network, Inc.  Deutsche Bank Trust Company Americas ("Deutsche") is the holder of the

deed of trust, with Residential Funding Company, LLC ("Residential Funding") acting as

the servicer.

4.       The deed of trust contains three identifying markers: the tax identification number, street

address, and block number.  There is, however, an ambiguity in that the deed of trust

purports to convey Lot Number(s) 20 and 21, Block 98, in Carolina Beach instead of Lot

Number(s) 20 and 21 in Block 96.  The other two markers identify Lot number(s) 20 and

21 in Block 96.

5.       Lot Number(s) 20 and 21 in Block 96, in Carolina Beach had twice been encumbered by

         the debtor.  The prior deeds of trust, containing entirely accurate information, were

         satisfied prior to this case.

6.       At no time has the debtor owned any parcel of land in Carolina Beach within Block 98.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by

Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to

interrogatories and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  The "plain language of Rule 56(c) mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.

Ct. 2548, 2552 (1986).  In making this determination, conflicts are resolved by viewing all facts

and all reasonable inferences in the light most favorable to the nonmoving party.  United States

v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

## ANALYSIS

Under North Carolina law, a deed of trust which grants an interest in land is void if it

fails to sufficiently identify the encumbered real property.  Overton v. Boyce, 289 N.C. 291, 293

(1976); Lane v. Coe, 262 N.C. 8, 13 (1964).  A description is sufficient if the deed of trust, or

something extrinsic referenced therein, enables the land to be identified with certainty.  Overton

at 293.  If after examining the deed of trust it is unclear which property is encumbered, and the

uncertainty cannot be "reduced to a certainty by referring to something referenced within the deed," the description is patently ambiguous. Duckett v. Lyda, 223 N.C. 356, 358 (1943). Parol evidence is inadmissable to cure a patent ambiguity. Overton at 293. On the other hand, if the property can possibly be identified by that which is referenced within the deed of trust, the ambiguity is latent. Lane at 13. Where the ambiguity is latent, parol evidence is admissible. Id. Here, the deed of trust has three identifying markers: the street address, tax identification number, and the block number. The last of these, the block number, is inconsistent. The property owned by the debtor is located in Block 96, however, the deed of trust refers to Block 98. The trustee in this case argues that the error in the deed of trust is patently insufficient and thus void. The court must determine if this is so. Pursuant to 11 U.S.C. § 544(a)(3), a trustee in bankruptcy stands in the same position as a bona fide purchaser. As such, the trustee may avoid a claim against the debtor's estate if a bona fide purchaser would have defeated the claim. Id. However, as this court has noted, if notice existed which would have alerted a potential bona fide purchaser to an error in the deed of trust, then the trustee is prohibited from taking free and clear of liens. In re Boardwalk Dev. Co., Inc., 72 B.R. 152, 155 (Bankr. E.D.N.C. 1987). Thus, the initial question becomes not which type of ambiguity exists, but what would a bona fide purchaser have a duty to examine in order to evaluate and perhaps categorize the ambiguity?

"The law contemplates that a purchaser of land will examine each recorded deed and other instrument in his chain of title and charges him with notice of every fact affecting his title which an accurate examination of the title would disclose." Waters v. NC Phosphate Corp., 310 N.C. 438, 441-2 (1984)(citing, Hensley v. Ramsey, 283 N.C. 714 (1973)). This principle has been applied to mortgages. Turner v. Glenn, 220 N.C. 620 (1942); Smith v. Fuller, 152 N.C. 7

(1910).  A deed of trust and any documents referenced therein are inherently part of a chain of

title.  Further, every other document falling within the required scope of the title search becomes

a permissible extrinsic reference.  This principle derives squarely from the instructive case on

patent ambiguity, Overton v. Boyce.  Although there was no in-depth discussion in Overton

about the chain of title, the court, in reaching its conclusion, referenced previous deeds recorded

with the  Register of Deeds of Chowan County conveying similar tracts of land to the grantor.

From the court's discussion, it is clear that the court looked to the chain of title to determine

which 'pocosin land' was subject to the attempted conveyance. 289 N.C. 291, 294-295 (1976).

The finding of a patent ambiguity arose only because there were multiple tracts of pocosin land

owned by the grantor at the same time, and the deed in question provided no markers to

distinguish among them.

Purchasers of land are charged not only with notice of that found solely in the index, but

are burdened with the duty to examine the contents of each recorded instrument in the chain of

title individually.  Turner v. Glenn, 220 N.C. 620, 18 S.E.2d 197, 201 (1942)(pertaining to notice

of restrictive covenants); Affidavit of Franklin E. Martin 5-8, Feb. 6, 2009.  Under these terms, a

title searcher in the present case would have a duty to review every document in the chain of title

connected to Lots 20 and 21 in Block 96.  Starting in the grantor index, the searcher would find

that the debtor encumbered the properties he owned in block 96 with two separate deeds of trust.

Then, the searcher would find a third mortgage, referencing Lots 20 and 21 of Block 98, which

temporally appears to have satisfied the prior mortgages.  Although this deed of trust refers to

property in a different block than the property in question, it could not be ignored.  Instead, it

would be an out-conveyance by the grantor during the period of ownership required to be

5

examined.  Upon doing so, a searcher would find that the tax identification number and street address on the third deed of trust match those found on the deed and previous deeds of trust.  At this juncture, the diligent searcher would be faced with a new question; did the debtor also own Lots 20 and 21 of Block 98?  Upon returning to the grantee index, the searcher would find that the debtor never owned Lots in Block 98.  Thus, the searcher is on notice that something is amiss with the description of property in the third deed of trust, and that it may encumber the property in question.  This is consistent with the affidavit of Franklin E. Martin.  Mr. Martin, an attorney and North Carolina Board Certified Specialist in Residential Real Property Law, opined that a reasonably prudent searcher would discount the reference to Block 98 as a minor typographical error, resolvable through other documents available upon examination of the chain of title, thus providing constructive notice of the valid lien on the subject property.  Affidavit, pg 5-9.

This result differs from the holding in Law Developers, which at first blush appears indistinguishable.  In Law Developers, the debtor was a developer who owned multiple properties in a development known as Cedarwood Village.  The subject deed of trust in Law Developers also contained an inadvertent draftsman's error.  The legal description of the property encumbered was identified as Lot 43, when the intention was to encumber Lot 17.  This court found that the deed of trust, as written, was void under North Carolina law for failure to adequately describe the encumbered property. 404 B.R. 136, 138 (Bankr. E.D.N.C. 2008). The distinction between Law Developers and the present case is critical:  the debtor in Law Developers owed both properties.  Therefore, had a bona fide purchaser examined the chain of title, the ambiguity would remain.  That deed of trust could have been intended to encumber either Lot 43 or 17, and nothing referenced or found in the chain of title resolved the ambiguity.

6

However, where, as here, the searcher can clarify an otherwise defective description by looking from the deed of trust to the extrinsically referenced chain of title, the ambiguity disappears or at most is classified as latent. As such, the trustee is not a bona fide purchaser because he is charged with knowledge.

The present result is in accordance with Hamilton v. Washington Mutual Bank (In re Colon), 563 F.3d 1171 (10th Cir. 2009). Although based on Kansas law, the facts of this case and Hamilton are nearly identical. In Hamilton, the subject mortgage recited the correct street address and parcel identification number but misstated the Lot number as 29 instead of 79. Like this case, there were two previous mortgages containing correct information. While the bankruptcy court held that the subject mortgage was avoidable because a purchaser would not be on constructive notice, the decision was reversed on appeal. The Tenth Circuit held that a reasonably diligent searcher would have determined that the bank held a mortgage on the debtor's house because such information could be discerned from looking at the contents of every properly recorded document required by a title search. Hamilton at *33. The same is true here.

Based on the foregoing, plaintiff's motion for summary judgment is DENIED. The defendant's motion for summary judgment is GRANTED. The trustee with knowledge cannot avoid the deed of trust encumbering the debtor's estate.

END OF DOCUMENT