IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-145-FL

| | |
|---|---|
| ALGERNON L. BUTLER, III, *Trustee in Bankruptcy for James A. Rose, III*,  )<br>)<br>Appellant,  )<br>)<br>v.  )<br>)<br>DEUTSCHE BANK TRUST COMPANY  )<br>AMERICAS AS TRUSTEE; RESIDENTIAL  )<br>FUNDING COMPANY, LLC; and  )<br>WILLIAM WALT PETTIT,  )<br>)<br>- Appellee.  )<br>)<br>IN RE:  )<br>)<br>JAMES A. ROSE, III,  )<br>)<br>Debtor.  )<br>Case No. 08-00625-8-JRL  ) | ORDER |

This matter is before the court on appeal by Algernon L. Butler, III, as trustee in bankruptcy for debtor James A. Rose, III, from an order of the United States Bankruptcy Court dated July 20, 2009. Notice of appeal was filed on July 29, 2009 pursuant to 28 U.S.C. § 158(a), within the time period allotted by Fed. R. Bankr. P. 8002. The appeal has been fully briefed, and the matter is now ripe for decision. For the reasons that follow, the decision below is affirmed.

### STATEMENT OF THE CASE

Debtor Rose petitioned for relief under Chapter 11 of the Bankruptcy Code on January 31, 2008. The petition was converted to one under Chapter 7 on April 21, 2008. Upon conversion, appellant was appointed trustee.

On June 5, 2008, appellant instituted an adversary proceeding by filing complaint against appellees before the bankruptcy court. The purpose of the adversary proceeding was to determine appellant's interest as trustee in certain real property. Appellant alleged that appellees had no interest in the property because the deed of trust which purported to convey such interest was fatally deficient in that it contained a patent ambiguity in the description of the property to be conveyed. Appellees argued that any ambiguity was latent, and that the deed of trust was properly within the chain of title.

Following hearing on the parties' cross-motions for summary judgment, and after considering supplemental memoranda on several of the issues presented, the bankruptcy court found in favor of appellees on July 20, 2009. The court noted that North Carolina charges a purchaser with notice of any fact that would be disclosed by an examination of the chain of title, and held that the defect in the deed of trust was latent because a diligent title search would have revealed it. The court denied appellant's motion, granted appellees' motion, and held that the deed of trust to the real property at issue was valid and appellees' rights superior to those of appellant.[1]

On July 29, 2009, appellant timely filed notice of appeal of the bankruptcy court's order. The record on appeal was docketed in this court on September 11, 2009. The parties thereafter filed their briefs for the court's consideration.

## STATEMENT OF FACTS

At the time of his petition, debtor was the record owner of a number of parcels of real property in North Carolina, including that identified as Lot Numbers 20 and 21, Block 96, in

---

[1] The order below is found at Butler v. Deutsche Bank Trust Company Americas (In re Rose), Ch. 7 Case No. 08-00625-8-JRL, Adv. No. L-08-00080-8-JRL, 2009 WL 2226658 (Bankr. E.D.N.C. July 20, 2009).

Carolina Beach. Said property is located at 207 South 6th Street, Carolina Beach, North Carolina, and has a tax parcel identification number of R09005-016-001-001. Debtor acquired this property by means of a warranty deed recorded on April 8, 2005.

On July 31, 2006, debtor executed a deed of trust conveying for security to Homecomings Financial Network, Inc. ("Homecomings") as lender, William Walt Pettit as trustee, and Mortgage Electronic Registration Systems, Inc. as beneficiary, a certain real property described as "Lot No. 20 and 21 on the Map/Plan of Block 98, Carolina Beach, as shown on the plat of record in Book 2, Page 55, Register's Office for New Hanover County, North Carolina . . . ." The property is further described as "Parcel ID Number: R09005-016-001-001 which currently has the address of 207 SOUTH 6TH STREET, CAROLINA BEACH, North Carolina 28428."[2]

The tax identification number and address listed on the deed of trust accurately describe appellant's property located at Lot Numbers 20 and 21, Block 96, on which appellant had previously taken out two similar deeds of trust. However, the reference to Block 98 in the deed of trust does not accurately describe any real property owned by debtor, who has in fact never owned any property in Block 98. The lots formerly labeled as Lots 20 and 21 in Block 98 are no longer labeled as such; they are now designated "Lot B."

## DISCUSSION

A.  Standard of Review

This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1) to review the bankruptcy court's order. "On an appeal [from the bankruptcy court] the district court . . . may

---

[2] The deed of trust and underlying note were subsequently assigned by Homecomings to appellee Deutsche Bank Trust Company Americas, as trustee.

affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. Findings of fact are reviewed for clear error, and questions of law are reviewed *de novo*. Bowers v. Atlanta Motor Speedway (In re Southeast Hotel Properties Ltd. Partnership), 99 F.3d 151, 154 (4th Cir. 1996); see also Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.").

The bankruptcy court granted summary judgment for appellees below under Federal Rule of Civil Procedure 56, made applicable to adversary proceedings in bankruptcy by Federal Rule of Bankruptcy Procedure 7056. Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.   Analysis

As the bankruptcy court noted, this case is factually indistinguishable from Hamilton v. Washington Mutual Bank (In re Colon), 563 F.3d 1171 (10th Cir. 2009). In Hamilton, the Tenth Circuit was faced with the question of whether "a trustee [may] avoid a mortgage [or deed of trust]

4

on the ground that it misstates the lot number in its description of the property." Id. at 1173. As in the instant case, the conveyance in Hamilton contained the correct street address and parcel number, but misidentified the lot number. The court held that the trustee could not avoid the mortgage in such a case, because a bona fide purchaser would have been on notice as to the error in the deed.

The Tenth Circuit first noted that a bankruptcy trustee may avoid a mortgage if the mortgage could be avoided by a hypothetical bona fide purchaser. See 11 U.S.C. § 544(a). Under Kansas law, controlling in Hamilton, a bona fide purchaser "must take reasonable and prudent steps to determine whether a conveyance is in the grantor's chain of title when the full description of the property in the conveyance, together with the contents of the instruments in the chain of title, create a reasonable possibility that it is." Hamilton, 563 F.3d at 1182. In conducting a title search, a hypothetical purchaser would discover "conflicting signals" because the lot number and the other identifiers in the mortgage differ, and the court could not "imagine a reasonably prudent purchaser who would not recognize that a problem exists, make inquiry, and ascertain that the . . . mortgage has an inadvertent error in the lot number." Id. at 1183. The court concluded:

> In sum, a purchaser of the Debtors' house would be on constructive notice that the Bank's mortgage created a lien on that property or, at the least, a purchaser would be on constructive notice of facts that would require a reasonably prudent person to investigate and then determine that the Bank's mortgage burdened the property. Therefore, the trustee cannot avoid the mortgage under 11 U.S.C. § 544(a)(3).

Id. at 1186.

Appellant contends that this case is fundamentally distinguishable from Hamilton because the parol evidence rule was not considered by the court in that case, and that constructive notice under § 544(a)(3) is irrelevant where the deed of trust is void *ab initio* under that doctrine. The court disagrees. The analysis undertaken by the Hamilton court was directed at the initial question of the

5

trustee's ability to void a mortgage or deed of trust, not the underlying validity of the deed of trust. It appears therefore to be an uncontroversial application of the principal, previously articulated by the bankruptcy court, that a trustee may not take property free of a mortgage lien under § 544(a) if notice existed which would have alerted a potential bona fide purchaser to the error in the deed of trust. See In re Boardwalk Dev. Co., Inc., 72 B.R. 152, 155 n.5 (Bankr. E.D.N.C. 1987).

The principle that a purchaser must examine all recorded deeds in the chain of title is as established in North Carolina as it is in Kansas. See Waters v. NC Phosphate Corp, 310 N.C. 438, 441-42, 312 S.E.2d 428, 432 (1984); Turner v. Glenn, 220 N.C. 620, 18 S.E.2d 197, 201 (1942). As convincingly set forth by the bankruptcy court, this duty would have inevitably led to notice of the deed of trust:

> [A] title searcher in the present case would have a duty to review every document in the chain of title connected to Lots 20 and 21 in Block 96. Starting in the grantor index, the searcher would find that the debtor encumbered the properties he owned in [B]lock 96 with two separate deeds of trust. Then, the searcher would find a third mortgage, referencing Lots 20 and 21 of Block 98, which temporally appears to have satisfied the prior mortgages. Although this deed of trust refers to property in a different block than the property in question, it could not be ignored. Instead, it would be an out-conveyance by the grantor during the period of ownership required to be examined. Upon doing so, a searcher would find that the tax identification number and street address on the third deed of trust matched those found on the deed and previous deeds of trust. At this juncture, the diligent searcher would be faced with a new question; did the debtor also own Lots 20 and 21 of Block 98? Upon returning to the grantee index, the searcher would find that the debtor never owned Lots in Block 98. Thus, the searcher [would be] on notice that something is amiss with the description of property in the third deed of trust, and that it may encumber the property in question. This is consistent with the affidavit of Franklin E. Martin . . . [who] opined that a reasonably prudent searcher would discount the reference to Block 98 as a minor typographical error, resolvable through other documents available upon examination of the chain of title, thus providing constructive notice of the valid lien on the subject property.

In re Rose, 2009 WL 2226658, at *3.[3] Because a hypothetical purchaser could not avoid the deed of trust, neither can appellant.

Beyond the principle articulated by Hamilton, sufficient in and of itself to affirm the decision of the bankruptcy court, the court believes appellant's discussion of patent and latent ambiguities muddies rather than clarifies the underlying interpretation of the deed of trust. Focusing on the parol evidence rule misses the forest for the trees. Other long-standing maxims of North Carolina property law suggest that, where the description is not so much ambiguous as it is internally inconsistent, the intention of the parties may be determined by more than the four corners of the deed.

"The intention of the parties as apparent in a deed should generally control in determining the property conveyed thereby; but, if the intent is not apparent from the deed, resort may be had to the general rules of construction." Sugg v. Town of Greenville, 169 N.C. 606, 86 S.E. 695, 699 (1915). "[I]n case of conflicting descriptions that cannot be reconciled, the courts will adopt that construction which best comports with the manifest intention of the parties and the surrounding circumstances of the case." Millard v. Smathers, 175 N.C. 56, 94 S.E. 1045, 1046 (1917); see also M.P. Hubbard & Co. v. Horne, 203 N.C. 205, 165 S.E. 347 (1932) ("Of course mistake or fraud may be established by parol evidence on the familiar principle that mistake, fraud, surprise, and accident furnish exceptions to the general rule that parol evidence is not admissible to vary the terms of a written instrument."); Drake v. Hance, 673 S.E.2d 411, 414 (N.C. App. 2009) ("[I]f a party can show

---

[3] As mentioned in the order below, the bankruptcy court relied on the uncontested affidavit of Franklin E. Martin, a licensed attorney and North Carolina Board Certified Specialist in Residential Real Property Law, in granting appellees' motion for summary judgment. Mr. Martin, who has participated in more than 20,000 real estate closings in which his duties included performing real estate title examinations, completed an examination of the public record in New Hanover County, North Carolina, to determine the status of title of the property at issue in the instant case. Mr. Martin described this process in great detail, providing ample basis for the bankruptcy court's findings.

a mutual mistake was made in the execution of a deed, in this case due to the error of the draftsman, parol evidence is competent evidence to show the true intentions of the parties.").

It is unquestioned here that debtor intended to convey, and the lender intended to accept, a deed of trust for property owned by debtor and located at 207 South 6th Street, rather than unowned property located in Block 98, as security for a $305,205.00 loan.[4] That the deed of trust clearly indicates the address and tax identification number of property actually owned by debtor, while mislabeling by a single digit the plat description in such a way as to describe property unowned by debtor, is more than sufficient to show the manifest intention of the parties. See generally Sugg, 169 N.C. 606, 86 S.E. at 695 ("[I]f the land conveyed is sufficiently identified by certain parts of the description, an impossible or senseless course should be disregarded, and the deed sustained."); 23 Am. Jur. Deeds 2d § 252 ("Where the description in a deed is such that it may refer to two tracts of land, it will be presumed that the grantor intends to convey the tract to which he has title, and not land which he does not own."). Applying North Carolina law, the bankruptcy court was justified in reading the deed so as to give effect to the intention of the parties to it.

## CONCLUSION

The minor draftsman's error at issue here would be insufficient to thwart a bona fide purchaser from determining the rights of the lender in possession of the deed of trust. The error is therefore similarly insufficient to allow the trustee, standing in the purchaser's shoes, to avoid a claim by the lender and/or its assignees or successors. The conflicting description of the property,

---

[4] According to the undisputed affidavit of Juan Aguirre, Senior Litigation Analyst with Homecomings, "[I]t was the intent of all parties to the transaction giving rise to the Loan, including Homecomings and the Debtor, that the Deed of Trust encumber the real property located at 207 South 6th Street, Carolina Beach, North Carolina, such real property having a tax identification number of R09005-016-001-001 . . . . [T]he single erroneous reference in the Deed of Trust to 'Block 98' rather than 'Block 96' was a mutual typographical error of the parties to the transaction." (Aff. of Juan Aguirre ¶¶ 6, 9.)

demonstrating a mutual mistake of fact, may be resolved by resort to extrinsic evidence, and the description of the property by address and tax identification number and the fact that the debtor owned property described by address and tax identification number but no property in Block 98 demonstrates the manifest intention of the parties. The decision of the bankruptcy court is AFFIRMED. The clerk is directed to close the case.

SO ORDERED, this the 9th day of February, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge